UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA A. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-102 |
| ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 16]. Plaintiff Pamela A. Wright seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 48 years of age when the ALJ issued his decision (Tr. 48, 23). She has a 12th grade education, with work experience as a waitress, restaurant shift manager, and a cashier (Tr. 74-79; 82). She alleges that she has been disabled since July 17, 2004, due to neck, back and right arm pain, along with issues of concentration, memory and nerves (Tr. 471-475). She also

reports problems with emphysema, or shortness of breath, (Tr. 211), although against doctor's orders, she still smoked one (Tr. 468), two (Tr. 217), or three (Tr. 179) packs of cigarettes a day.

## **MEDICAL RECORD EVIDENCE**

The relevant medical record evidence is summarized as follows:

In August 2004, approximately one month following her alleged onset of disability, plaintiff was hospitalized after a suspected drug overdose involving narcotics and alcohol (Tr. 179-180). Once stabilized, she experienced withdrawal-type symptoms (Tr. 179). Her treating physician, Curtis Burke, M.D., noted that her "overall condition improved markedly" after five days and she was transferred to a regular medical bed (Tr. 179).

In February 2005, John Porter, M.S., a psychological examiner, assessed plaintiff's work-related mental abilities (Tr. 210-216). Plaintiff told Porter that she had been hospitalized for medical problems in August 2004 and spent seven days in intensive care (Tr. 211). Plaintiff reported that she had not used any drugs in three to four months, but drank alcohol occasionally (Tr. 212). Mr. Porter concluded that plaintiff's ability to understand and remember was somewhat limited; her ability to sustain concentration and persistence was significantly limited; her social interaction was limited; and, her adaptation was moderately limited (Tr. 215-216).

In March 2005, David McConnell, M.D., examined plaintiff (Tr. 217-222). Dr. McConnell found minimal degenerative disc disease at L5-S1 (Tr. 220). He also found plaintiff had chronic low back and neck pain, reactive airway disease, chronic cigarette abuse, and essential hypertension, treated (Tr. 220). Dr. McConnell concluded that plaintiff had the capacity to

2

occasionally lift 40 pounds and frequently lift 35 pounds, stand and/or walk with normal breaks for a total of at least six hours in an eight hour day, and sit with normal breaks for a total of at least seven hours in an eight hour workday.

In March 2005, state agency consulting psychologist George Davis, Ph.D., reviewed the record evidence (Tr. 337-354). He concluded that plaintiff had depression, anxiety, problems with drug and alcohol abuse, and a personality disorder (Tr. 349). Dr. Davis found that plaintiff could understand and remember both simple and detailed tasks; she could concentrate and attend to the same tasks, despite some difficulty. He also concluded that the plaintiff could relate with the general public despite some difficulty, which would not substantially impact her ability to relate with the general public, and she could adapt to work-like settings and changes with some, but not substantial, difficulty (Tr. 353).

State agency medical consultant James Millis, M.D., also reviewed the record evidence in March 2005 (Tr. 355-362). He concluded that the plaintiff could lift 50 pounds occasionally and 25 pounds frequently. He also concluded that Dr. McConnell's assessment of stand/walk and sit for about six hours in an eight-hour workday is actually "too restrictive", based on the objective findings (Tr. 362). Dr. Millis, however, did restrict the plaintiff to frequent overhead reaching and frequent postural limitations (to climb, balance, stoop, kneel, crouch or crawl) due to chronic neck, leg and foot pain (Tr. 362).

3

## TESTIMONY EVIDENCE

At the hearing before the ALJ on December 12, 2006, the plaintiff testified that she was 47 years of age; that she had a driver's license, and that she drove a car (Tr. 467-468). Plaintiff worked part-time in November and December 2004 as a cashier, and at a deli in January 2005, but she stopped due to pain (Tr. 469-471). Plaintiff testified that she smoked, although her doctor had advised her to stop (Tr. 468). Plaintiff alleged disability due to problems with concentration, nerves, back and neck pain, and right foot/leg problems (Tr. 471). Plaintiff testified that she had medical coverage through her husband's employer, but was not seeing a psychiatrist or psychologist (Tr. 487). She said she hoped to get into Peninsula for treatment, but that she could not afford other treatment (Tr. 487).

## DECISION OF THE ALJ

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since July 17, 2004, the alleged onset date.

3. The claimant has the following combined impairments: disorders of the neck, leg, and feet with complaints of nervousness, high blood pressure and shortness of breath.

4. The claimant does not have an impairment or combination of impairments that meets or

4

                medically equals one of the listed impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404.

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently.

6.      The claimant is capable of performing past relevant work as a cashier and fast food worker as they are generally performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7.      The claimant has not been under a disability, as defined in the Social Security Act, from July 17, 2004 through the date of this decision.

(Tr. 15-23).

The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7). Therefore, the ALJ's decision stands as the Commissioner's final decision subject to judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## **STANDARD OF REVIEW**

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess

5

substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); and see Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (holding that, in a close case, unless the Court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). The Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

## **ANALYSIS**

Plaintiff argues that the ALJ erred in finding that she retained the residual functional capacity to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently and that she could perform unskilled light work [Doc. 13]. In addition, the plaintiff argues that the ALJ failed to consider work related mental limitations assessed by Mr. Porter and Dr. Davis, which would have resulted in a finding of disability and the award of benefits. Indeed, the major thrust of the plaintiff's position is that the ALJ was "required" to discuss the plaintiff's mental limitations in his decision, and provide some reason for his rejection of them, and therefore, his failure in that regard requires a remand [Doc. 13].

The Commissioner asserts that substantial evidence supports the ALJ's residual functional capacity finding for light work, and therefore, that plaintiff was capable of performing her past work. The Commissioner argues that this finding was consistent with the opinions rendered by the two consulting and reviewing doctors, Dr. McConnell and Dr. Millis. As for the alleged

6

mental impairments, the Commissioner argues that the plaintiff has not shown that the mild limitations assessed by Dr. Davis were "at odds with" the ALJ's residual functional capacity finding, and as to Mr. Porter, that the ALJ did articulate his consideration of his assessment [Doc. 17].

The Court finds that substantial evidence does support the ALJ's residual functional capacity for light work. The assessments of Dr. Millis and Dr. McConnell, combined with the ALJ's consideration of plaintiff's activities of living and his observations of her and her testimony, provide this substantial evidence

On the issue of work-related mental limitations, the plaintiff argues that the ALJ ignored the assessment of state agency reviewing psychologist, Dr. Davis. The Commissioner concedes that the ALJ did not mention by name the assessment of Dr. Davis, but the defendant argues that the omission of a specific reference to Dr. Davis was harmless error. The Court agrees.

Dr. Davis found that plaintiff could understand and remember both simple and detailed tasks; could concentrate and attend to the same tasks, despite some difficulty; could relate with the general public despite some difficulty, which would not substantially impact her ability to relate with the general public; and could adapt to work-like settings and changes with some, but not substantial difficulty (Tr. 353). The Court agrees with the Commissioner that the plaintiff has not shown that the limitations described by the reviewing psychologist were at odds with the ALJ's residual functional capacity finding, or that those limits precluded her ability to work. The ALJ concluded plaintiff could perform unskilled work. Dr. Davis's restrictions are consistent with her ability to perform unskilled work.

7

Plaintiff also argues that the ALJ should have accepted psychological examiner John Porter's opinion of work-related mental abilities. Mr. Porter concluded that plaintiff's ability to understand and remember was somewhat limited; her ability to sustain concentration and persistence was significantly limited; her social interaction was limited; and, her adaptation was moderately limited (Tr. 215-216).

The Court finds, however, that the ALJ properly noted that Mr. Porter was not a medical expert, or even a psychologist. The ALJ was not required to accept Mr. Porter's work-related mental restrictions. Moreover, the ALJ did state his consideration of Mr. Porter's assessment, including his diagnosis, restrictions and report (Tr. 21), and the ALJ was within his discretion to reach the residual functional capacity he reached. The ALJ carefully considered the entire record and found that: "the record contains little objective evidence to support a finding that the claimant is totally disabled, as she aggravates any improvement in her medical condition through treatment by continuing to fail to follow prescribed medical advice and the continued abuse of narcotics and alcohol" (Tr. 21-22).

Accordingly, I find that the ALJ properly reviewed and weighed all of the medical source opinions, the objective medical findings, and plaintiff's activities to determine that she could perform a range of light work, and that her past work was not precluded. Substantial evidence supports the ALJ's findings and conclusions.

Therefore, it is hereby **RECOMMENDED**[1] that the plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).