# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PAMELA A. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-102 |
| ) | (Phillips/Guyton) |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On April 16, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Report and Recommendation ("R&R") [Doc. 18] in which he recommended that plaintiff's Motion for Summary Judgment [Doc. 12] be denied and the Commissioner's Motion for Summary Judgment [Doc. 16] be granted.

This matter is now before the court on plaintiff's timely objections to the R&R. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2), the court has reviewed de novo those portions of the R&R to which plaintiff objects. For the reasons that follow, plaintiff's objections are overruled.

## I.

Plaintiff argues that the determination by the Administrative Law Judge ("ALJ") of her residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ failed to support his RFC assessment with expert medical testimony or other medical evidence, [Doc. 19 at 6], and "failed to properly consider the medical opinions of record," [*id.* at 1]. With regard to the

-1-

latter objection, plaintiff specifically argues that the ALJ improperly discredited the findings of John Porter, M.S., a psychological examiner, and failed to evaluate the opinion of George Davis, Ph.D., a state agency consulting psychologist. Mr. Porter and Dr. Davis opined as to plaintiff's psychological health and work-related mental limitations.

Findings of the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is not necessary for a reviewing court to "agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The court agrees with Judge Guyton's finding that the ALJ's ruling was supported by substantial evidence. While plaintiff argues that the ALJ disregarded medical evidence and failed to adequately explain RFC assessment, the court finds that to the contrary, the record demonstrates that the ALJ fully weighed the evidence and explained his reasons, though he discredited some of the opinions he considered.

The ALJ's RFC assessment need not agree with every medical opinion in the record; indeed,

> [t]he RFC assessment must be based on *all* of the relevant evidence in the case record, such as:
> - Medical history,
> - Medical signs and laboratory findings,
> - The effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication),
> - Reports of daily activities,
> - Lay evidence,
> - Recorded observations,
> - Medical source statements,
> - Effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment,
> - Evidence from attempts to work,
> - Need for a structured living environment, and

• Work evaluations, if available.

S.S.R. 96-8P (Cum. Ed. 1996). The record demonstrates that the ALJ clearly weighed all of the relevant evidence. The ALJ thoroughly summarized plaintiff's report of her daily activities, [Tr. at 19], including her later allegation that her condition had deteriorated and she could do nothing, [*id.*]; observations by her treating physician, Curtis Burke, M.D., [*id.* at 20]; the report of a consultative physician, David McConnell, M.D., [*id.*]; the circumstances of her hospitalization for a drug overdose on August 22, 2004, as well as later ischemic damage attributed thereto [*id.*]; later treatment notes by Dr. Burke on various dates [*id.* at 21-22]; and the psychological evaluation of John Porter, M.S., a psychological examiner [*id.*]. The ALJ then thoroughly explained how he reached his assessment. [*Id.* at 22]. While the ALJ discredited some of the medical opinions based on plaintiff's reports of her daily activities, her attempts to work, and other recorded observations, such an assessment of the weight to be accorded each piece of evidence is not only permitted but is indeed required under the relevant rules and regulations. *E.g.*, 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally consistent, we will weigh all of the evidence and see whether we can decide whether you are disabled based on the evidence we have."); S.S.R. 96-8P (Cum. Ed. 1996).

While plaintiff asserts there is no medical evidence to support the ALJ's RFC assessment, the court disagrees. As described above, the ALJ thoroughly evaluated all of the relevant evidence, from which he arrived at an RFC assessment. Most importantly, the ALJ's RFC determination was more restricted than that of Dr. David McConnell, M.D., who personally examined plaintiff and determined plaintiff

> retains the capacity to occasionally lift and/or carry including upward pulling for up to one-third of an eight-hour work day a maximum of 40 pounds, frequently lift and/or carry from one-third to two-thirds of an eight-hour work day a maximum of 35 pounds, stand and/or walk with normal breaks for

a total of at least six hours in an eight-hour work day, and sit with normal breaks for a total of at least seven hours in an eight-hour work day.

[Tr. at 221]. Additionally, a state agency medical consultant, James Millis, M.D. concluded from a file review that plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently. [Tr. at 362]. Accordingly there is support for the ALJ's more conservative assessment.

Finally, the court notes that the ALJ, having considered the medical opinions and other relevant evidence in the record, nevertheless discredited much of the evidence due to his assessment of plaintiff's credibility and her own reports of her daily activities. "[A]n ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.' " *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). While those findings must nevertheless be supported by substantial evidence, *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008), the record clearly supports the ALJ's determination that plaintiff was not credible. For example, plaintiff testified that she had been married twenty-five years. [Tr. at 466]. In her application for disability insurance benefits, however, plaintiff stated that she has been married six times. [*Id.* at 48-49]. She married her current husband on July 10, 2002. [*Id.* at 48]. Even if one were to aggregate the length of her six marriages, it would not total twenty-five years. Moreover, as noted by the ALJ, plaintiff's activities are not consistent with her allegations of the nature and severity of her pain. While plaintiff suffered ischemic damage to her feet from her overdose, at an office visit on March 7, 2005, Dr. McConnell observed that plaintiff's locomotion was "[n]ormal. The patient is able to enter the exam room without assistance. She does not have a limp." [*Id.* at 219]. This was consistent with previous reports by another physician. [*Id.* at 284 ("Patient is ambulating without any difficulty.")].

Accordingly the court finds that the opinion of the ALJ was properly supported by substantial evidence.

With regard to plaintiff's specific objection that the ALJ improperly discredited the opinion of John Porter, M.S., a psychological examiner, the ALJ implicitly found that Mr. Porter's opinion was entitled to less weight. Only treating sources whose opinions are "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence" may be accorded controlling weight. 20 C.F.R. § 404.1527(d)(2). Mr. Porter, however, by definition is not a treating source. "Treating source" is a legal term of art defined as "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation *and who has, or has had, an ongoing relationship with you.*" *Id.* § 404.1502 (emphasis added). First, the Commissioner has asserted that Mr. Porter is a psychological examiner, not a psychologist, [Doc. 17 at 3], which would render him not an "acceptable medical source" and therefore remove him from the purview of a "treating source." *See* 20 C.F.R § 404.1502 (defining treating source in part as "your own physician, psychologist, or other acceptable medical source"); *id.* § 404.1513(a) (defining "acceptable medical sources," including licensed or certified psychologists). In any event, while Mr. Porter did examine plaintiff, it appears this was on a one-time basis only, [*see* Tr. at 210], and he therefore did not have an ongoing relationship with plaintiff as required by 20 C.F.R. § 404.1502. Accordingly, the ALJ was not required to give his opinion any controlling weight. In determining how much weight to accord his opinion, the ALJ clearly rejected his opinion as inconsistent with other substantial evidence. [*See* Tr. at 22].

Plaintiff further attempts to discredit the ALJ's rejection of Mr. Porter's opinion by arguing

-5-

that inconsistencies in the ALJ's opinion and the record demonstrate that the ALJ's opinion was not supported by substantial evidence. Specifically, the ALJ discredited Mr. Porter because "he apparently was not informed of the claimant's hospitalization for drug overdose in August 2004, being told that she was hospitalized for 'medical reasons.' " [Tr. at 21]. Plaintiff argues that this demonstrates that the ALJ clearly did not read Mr. Porter's opinion because Mr. Porter went into "gross detail" of her hospitalization in his report. This does not alter the court's conclusion that the ALJ's decision was supported by substantial evidence. As noted above, even if Mr. Porter had been considered a treating source, the ALJ's opinion would nonetheless be entitled to deference because he fully explained the numerous inconsistencies that led him to discredit Mr. Porter's opinion. The court finds that the ALJ adequately considered Mr. Porter's opinion.

With regard to the ALJ's failure to mention the report by state agency consulting psychologist George Davis, Ph.D., the court agrees with Judge Guyton finding that this was harmless error not warranting reversal. The Sixth Circuit has previously found that the failure to explicitly discuss the opinion of a consultative, non-treating source was harmless error where the ALJ's decision was otherwise supported by substantial evidence. *E.g.*, *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 839 (6th Cir. 2005) (harmless error where ALJ failed to mention report of consultative neurologist who only evaluated plaintiff once and was not a treating source); *Dykes v. Barnhart*, 112 F. App'x 463, 467-69 (failure to discuss opinion of consultative examiner was harmless error).

Dr. Davis was not a treating source as defined by 20 C.F.R. § 404.1502, and therefore his opinion would not be entitled to controlling weight, *see id.* § 404.1527(d)(2). Moreover, as explained above, the ALJ's opinion was supported by substantial evidence, in which the ALJ fully

explained his reasons for discrediting plaintiff's testimony and supported his RFC finding. Finally, Dr. Davis's report is fully consistent with the ALJ's findings as to plaintiff's capacity. While Dr. Davis diagnosed plaintiff with major depressive disorder without psychotic features, [Tr. at 340], and anxiety disorder, not otherwise specified, [*id.* at 342], he only reported that plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, [*id.* at 347]. When asked more specifically, however, to assess plaintiff's mental RFC, Dr. Davis mostly categorized plaintiff's sustained concentration and persistence abilities as "not significantly limited," only noting that her "ability to maintain attention and concentration for extended periods" and "to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" as moderately limited. [*Id.* at 351-52]. Indeed, Dr. Davis deemed that plaintiff was capable of "concentrat[ing] and attend[ing] to the same tasks, despite some difficulty." [*Id.*. at 353]. This is not inconsistent with the ALJ's findings. Accordingly, the court finds that the ALJ complied with 42 U.S.C. § 405(b)(1), and the ALJ's failure to mention Dr. Davis's report was harmless error.

In sum, the court agrees with Judge Guyton that the ALJ's opinion was supported by substantial evidence. Plaintiff's objections are hereby **OVERRULED**.

## II.

In accordance with the foregoing, the court thoroughly agrees with the findings by Judge Guyton. The R&R [Doc. 18] is **ACCEPTED IN WHOLE**, which the court adopts and incorporates into this opinion, whereby plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 16] is **GRANTED**.

**IT IS SO ORDERED**.

**ENTER:**

          s/ Thomas W. Phillips
         United States District Judge